## In re MARTIN.
### Patent Appeal No. 2981.

Court of Customs and Patent Appeals.
May 23, 1932.

Albert L. Ely, of Akron, Ohio (J. Ralph Barrow, of Akron, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Four claims (being all the claims) of an application for patent on a method of making rubber tires were rejected by the Examiner of the United States Patent Office on the ground that they disclosed no invention in view of the prior art. His decision was affirmed by the Board of Appeals. From the latter decision appellant appeals to this court.

Claim 5 appears to be typical: "5. The method of making tires comprising building roughly to shape entirely uncured bead units from strips of raw rubber stock containing reinforcements, constructing the tire with said uncured bead units therein, and molding and curing the tire to shape."

The references are: Tillinghast, 723,945, March 31, 1903; Seiberling et al., 948,064, February 1, 1910; Maranville, 1,485,864, March 4, 1924.

The particular feature or element which is emphasized in appellant's brief and oral argument is the specific manner of constructing the bead units of uncured rubber, and incorporating them in the uncured state into the tire, which is then molded and cured as a unit.

It seems to have been the practice, at least immediately prior to appellant's development, to make up the bead unit, partly cure it, and then insert it into the tire unit, as disclosed in the Seiberling patent, supra.

Prior to Seiberling, appellant's brief says: "The process of manufacture of pneumatic tire casings first used in the rubber industry involved the obvious steps of applying separately to the tire during the building thereof each strip of material including the various parts of the bead structure such as the core and flipper in its raw, unvulcanized state and then vulcanizing the whole."

Tillinghast, in his specification, discloses the following: "* * * the beads are molded and compressed into the desired form separately from the rest of the sheath and are then attached to the edges of the sheath and the sheath and beads then vulcanized together and united into one structure by such vulcanization. The beads are preferably formed by taking a strip of thin woven fabric of the proper length, coated with rubber in the usual manner and known as 'frictioned cloth,' and forming the same into a mass, as by rolling it up into a roll, as shown at h, Fig. 3, said roll being of a length sufficient to extend around the periphery of the rim of the wheel. This roll is then placed in a mold E and subjected to pressure to give to the mass a shape in cross section corresponding to the shape of the mold. The mold is preferably heated during the operation to soften the rubber and to cause the mass to be more thoroughly compressed and condensed."

After being shaped by the process described, and inserted into the tire unit, "the whole, including the sheath proper and the attached beads, is then vulcanized in a suitable mold."

In the Seiberling patent it is stated: "This bead material has heretofore also been applied to the ring core in an uncured condition."

In its decision upon a rehearing granted, the Board of Appeals said: "Seiberling shows performed beads of reinforced rubber flipper with rubberized fabric and describes the forming of beads of unvulcanized material. We see no invention in view of Seiberling's teaching in forming such uncured beads separately from the core or in using uncured material for the beads which he discloses."

Maranville discloses tire beads having as reinforcements parallel strands of beaded wire.

Careful consideration has been given to appellant's arguments and to the authorities cited in his brief, but we are wholly unable

to see where, in view of the teachings of the prior art, he may be credited with having developed a method which comprises features that are patentably novel.

The decision of the Board of Appeals is affirmed.

Affirmed.